HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Plaintiff,
Cohen Goldstein & Silpe, LLP
One Gateway Center
Newark, New Jersey 07102
(973) 621-9020

|  |  |  |
|---|---|---|
|  |  | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| In the Matter of: | : | Case No. 05-34935 RG |
| BRIAN TANZ | : | Chapter 13 Proceeding Hon. Rosemary Gambardella |
| Debtor. | : |  |
| - - - - - - - - - - - - - - - - - |  |  |
| COHEN GOLDSTEIN & SILPE, LLP, | : | Adversary No. |
| Plaintiff, | : |  |
| v. | : |  |
| BRIAN TANZ, | : |  |
| Defendant. | : |  |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Plaintiff, Cohen Goldstein & Silpe, LLP, by way of Complaint against the Defendant, Brian Tanz, states as follows:

**PARTIES, BACKGROUND, AND JURISDICTION**

1. Plaintiff, Cohen Goldstein & Silpe, LLP ("Plaintiff") are attorneys at law of the State of New York with offices located at 505 Park Avenue, New York, New York.

2. On August 3, 2005, the Defendant/Debtor, Brian Tanz, ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Newark, New Jersey. On March 8, 2006, the case was converted to a case under Chapter 11 of the Bankruptcy Code and on March 9, 2006, Eric R. Perkins was appointed Chapter 11 Trustee by the United States Trustee to oversee and manage the Debtor's affairs.

3. Plaintiff is the matrimonial counsel to the Debtor's former spouse, Holly Tanz, relating to a matrimonial action litigated in the Supreme Court of New York, New York County, Index #350260/03 ("Matrimonial Action").

4.  A post-trial Decision and Order was entered in the Matrimonial Action on June 6, 2005 by the Honorable Emily Jane Goodman.  Pursuant to said Decision and Order, the Debtor was directed to pay reasonable counsel fees to the Plaintiff in an amount to be fixed by the Court after consideration by a Special Referee.

5.  The foregoing Decision was embodied in a Judgment of Divorce dated September 26, 2005, which, among other things, ordered the following:

> "ORDERED AND ADJUDGED that defendant pay plaintiff's reasonable attorneys' fees and expenses incurred in connection with this matter, and the amount of such fees and expenses is referred to the Office of the Special Referee to hear and report; and it is further..."

6.  On August 29, 2005, Plaintiff moved in the Bankruptcy Court for entry of an Order vacating the stay for the purpose of allowing Plaintiff to liquidate its claim for counsel fees in the Matrimonial Action.  On November 15, 2005, an Order vacating the stay was entered by the Court.

7. On November 14, 2006, a hearing was conducted before Special Referee Leslie S. Lowenstein. On December 27, 2006, the Special Referee issued a report and recommendation that the Plaintiff be awarded the sum of $271,250.82 as and for legal fees and services rendered on behalf of Holly Tanz.

8. On March 28, 2007, the Honorable Laura Visitacion-Lewis, JSC, entered a Money Judgment in favor of the Plaintiff and against the Debtor in the amount of $241,646.34. A copy of the Money Judgment is annexed hereto as Exhibit "A".

9. This Court has jurisdiction over this proceeding under the provisions of 28 U.S.C. 157, 28 U.S.C. 1334 and 11 U.S.C. 523.

10. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

**FIRST COUNT**

11. The obligation to the Plaintiff for counsel fees and expenses awarded in connection with the Plaintiff's representation of Holly Tanz in the Matrimonial Action in the

amount of $241,646.34, is non-dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code.

WHEREFORE, Plaintiff demands Judgment against the Debtor determining that the Debtor's debt to the Plaintiff in the amount of $241,646.34 arising out of the Matrimonial Action is non-dischargeable pursuant to 11 U.S.C. 523(a)(5).

**SECOND COUNT**

12.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 11 of the Complaint, as if the same were set forth herein at length.

13.   The obligation to the Plaintiff for counsel fees and expenses awarded in connection with Plaintiff's representation of Holly Tanz in the Matrimonial Action in the amount of $241,646.34, is non-dischargeable pursuant to Section 523(a)(15) of the Bankruptcy Code.

WHEREFORE, Plaintiff demands Judgment against the Debtor determining that the Debtor's debt to the Plaintiff in the

amount of $241,646.34 arising out of the Matrimonial Action is non-dischargeable pursuant to 11 U.S.C. 523(a)(15).

        HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
        Attorneys for Plaintiff,
        Cohen Goldstein & Silpe, LLP


By:_____/s/ RICHARD B. HONIG_____
        RICHARD B. HONIG
        A Member of the Firm

Dated:   April 27, 2007